FILED

12/20/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

**STATE OF TENNESSEE v. MATTHEW DOUGLAS NATTRESS**

**Appeal from the Circuit Court for Giles County**
**No. 13913, 13914    David L. Allen, Judge**

_____

**No. M2019-00408-CCA-R3-CD**

_____

The defendant, Matthew Douglas Nattress, appeals the order of the trial court revoking his probation and ordering him to serve his original ten-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation, and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Brandon E. White, Columbia, Tennessee, (on appeal) and Hershell Koger, Pulaski, Tennessee (at trial) for the appellant, Matthew Douglas Nattress.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Caleb Bayless, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On April 23, 2018, the defendant pled guilty to possession of .5 grams or more of methamphetamine with intent to sell, selling .5 grams or more of methamphetamine, vandalism under $1,000, simple assault, and two counts of domestic assault for which he received an effective sentence of 10 years suspended after nine months served in

confinement. The defendant was ordered to report to the Giles County jail on May 7, 2018, to begin service of his nine months.

On May 16, 2018, the Tennessee Department of Correction issued a probation violation report alleging the defendant failed to report on May 7 for which he was subsequently arrested. The report also alleged the defendant violated his probation by testing positive for methamphetamine, amphetamine, and marijuana on May 1, 2018. After a hearing and finding that the defendant violated the terms of his probation, the trial court partially revoked the defendant's probation, ordering the defendant to serve 90 days and then placing him back on probation.

The defendant was released back on probation on June 26, 2018. He reported to his probation officer, Officer Lee McKissack, on August 28, 2018, at which time Officer McKissack scheduled an appointment for the defendant with a forensic social worker to have a drug and alcohol assessment performed. Based on the assessment, the defendant was directed to report to a relapse prevention class on September 20, 2018. The defendant failed to report. As a result of failing to report to the relapse prevention class, Officer McKissack ordered the defendant to report to his office on September 24 for a drug test. The defendant complied. However, the drug test revealed that the defendant tested positive for methamphetamine and amphetamine. The defendant also signed an affidavit confessing to using drugs. As a result of the positive drug test, Officer McKissack directed the defendant to report back to him on October 3, 2018. When the defendant failed to report on that date, Officer McKissack ordered him to report the next day. Again, the defendant failed to report.

As a result of the defendant's numerous violations, the Department of Correction filed a second probation violation report on October 8, 2018. A probation violation hearing was held on February 12, 2019. At the hearing, Officer McKissack testified consistently with the violation reports.

The defendant also testified at the hearing. The defendant admitted he had "a meth[amphetamine] problem" and had been struggling with his addiction for "about 11 years." The defendant also stated he had never participated in any type of rehabilitation program. The defendant acknowledged his probation required him to report to his probation officer and not to use drugs. However, when asked why he failed to follow these requirements, the defendant simply stated "I got an addiction and it is – it's hard to shake." The defendant confirmed he voluntarily admitted to his probation officer that he used methamphetamine while on probation.

On cross-examination, the defendant admitted the only steps he had taken to deal with his addiction were to try to stay away from certain people and places. The

defendant also admitted that he originally pled guilty in this matter on April 23, 2018, at which time he gave the trial court his word he would take his probation seriously and would not use drugs. However, on May 1, 2018, the defendant tested positive for methamphetamine. Then, on May 7, 2018, the defendant failed to report to the Giles County jail to begin serving his sentence. The defendant also admitted that despite being granted a second chance after his first revocation, he failed yet another drug test and failed to report to his relapse prevention class.

At the conclusion of the hearing, the trial court found by a preponderance of the evidence that the defendant not only violated the terms of his probation but admitted to the same. In finding complete revocation was the appropriate remedy, the trial court stated,

> [u]ntil [the defendant] was violated and put in jail, [the defendant], other than just lip service, had little interest in getting help for his addiction. I'm not saying that to be critical. I think that is fairly common. Until he gets to that point where he is either at rock bottom and wants to change or is in the context where to get out of jail he has got to change, the incentive just isn't there.
>
> So my ruling is intended to and hopefully in reality is also a blend of accountability for his action and to address his disease because I agree with you, [trial counsel] until he's wearing orange or black and white, he doesn't have the incentive to want to quit. To be successful in a drug rehabilitation program, it is a 12 to 14 month process. And somebody who has been addicted for 11 years with an intravenous drug habit, it may take longer than that.
>
> . . .
>
> So what I am going to do is going to be probably, hopefully a blessing in disguise to [the defendant]. I don't think one year will do it, [trial counsel]. And if I did, I would be inclined to revoke him for a year, although the nine months and the 90 days had no impact. So there will be a full revocation in this case. And hopefully that will be the incentive and the catalyst that [the defendant] needs to help get past what I know is almost an insurmountable problem, that being addiction.

The trial court then revoked the defendant's probation and ordered him to serve the original ten-year sentence in confinement. This timely appeal followed.

*Analysis*

On appeal, the defendant does not contest the trial court's finding that the defendant violated the terms of his probation, rather he argues the trial court erred in ordering him to serve the original sentence in confinement. The defendant argues the trial court should have ordered partial revocation and ordered the defendant to attend and complete an in-patient substance abuse program. The State contends the trial court properly exercised its discretion after the defendant admitted to violating the terms of his probation. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On April 23, 2018, the defendant pled guilty to numerous offenses for which he received an effective sentence of 10 years suspended after nine months served in confinement. At the defendant's request, the defendant was released upon pleading guilty and given until May 7, 2018, to report to jail to begin serving his sentence. Per the terms of the defendant's probation, the defendant was to obey the laws of the United States, or any state in which he may be, and not use or be in possession of illegal drugs. However, within eight days of being released on probation, the defendant tested positive for methamphetamine, amphetamine, and THC. Then, five days later, the defendant failed to report to the Giles County jail which resulted in his being charged with failure to appear. Therefore, within 13 days of agreeing to the terms of his probation, the defendant violated his probation on two occasions. Despite these immediate and initial violations, the trial court placed the defendant back on probation only to have the defendant violate

again by testing positive for methamphetamine and amphetamine and refusing to report to his probation officer or to relapse prevention classes.

As noted above, once a violation of probation is found, the trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. Though the defendant testified at the revocation hearing and requested the trial court to give him yet another chance on probation, the trial court was not persuaded and was under no obligation to comply with the defendant's request. The record contains sufficient evidence the defendant violated the terms of his probation, and he stipulated to and testified to the same. *Leach*, 914 S.W.2d at 106. In addition to the defendant's numerous violations, the record also reveals that the defendant failed to seek employment over the past year and a half and that the defendant failed to seek any help for his drug addiction. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of ten years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE

- 5 -